UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BUDGET TRUCK RENTAL, LLC; et al., Plaintiffs, v. THE ESTATE OF GARY LYNN MUIR; et al., Defendants. | Case No. 2:25-cv-00645-ART-DJA<br>ORDER |

After renting a vehicle from a Budget Truck facility, Gary Lynn Muir drove in the wrong direction on Interstate 15 and caused a collision, resulting in multiple injuries and two deaths. Defendants Tamecha Yvette Buck and Maximo Daniel Bonilla, Jr. (individually and on behalf of Javarius Tyrie Barfield and Chase Tobias Fernandez) then sued the Estate of Gary Lynn Muir in state court for personal injury and wrongful death arising from the accident. Plaintiffs Budget Truck Rental LLC ("Budget Truck"), Budget Rent A Car System, Inc. ("Budget System"), and ACE American Insurance Company ("ACE") then filed the instant litigation, seeking a declaration that they have no payment or insurance coverage obligations for the accident or underlying lawsuit. (ECF No. 1 at ¶ 1.) Plaintiffs now move for summary judgment on their claim for declaratory relief. (ECF No. 25.) For the reasons stated below, the Court grants Plaintiffs' motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Budget Truck Rental Agreement

On July 31, 2021, Gary Lynn Muir rented a 2020 Ford E-450 van ("Rental Vehicle") from Budget Car and Truck Rental of Utah pursuant to Budget Truck Rental Agreement No. 1808238421751 ("Rental Agreement"). (ECF No. 1 at ¶ 9; 25-2 at 8.) Muir purchased various optional insurance products, including Supplemental Liability Insurance, and agreed to the Terms and Conditions

("Budget Terms and Conditions") of the Rental Agreement. (*Id.*) The Rental Agreement provided that certain prohibited uses of rental vehicles would void all liability protection and all optional insurance, including Supplemental Liability Insurance. (ECF No. 25-2 at 7.) Uses that are prohibited include using the vehicle "recklessly or for conduct that could properly be charged as a felony or misdemeanor" and using the vehicle "[w]hile the driver is under the influence of alcohol." (*Id.*)

The ACE Excess Policy provides excess coverage for authorized Budget Truck renters who purchase Supplemental Liability Insurance, subject to policy terms, conditions, and exclusions. The ACE Excess Policy includes the exclusions contained in the rental agreement, and specifically precludes coverage for "[l]oss arising out of an accident which occurs while the Insured is under the influence of alcohol." (ECF No. 25-2 at 24, 31.)

**B. Accident Occurs on August 2, 2021**

On August 2, 2021, Muir drove the Rental Vehicle northbound in the southbound lanes on Interstate 15 in Clark County, Nevada, and collided with a 2020 Dodge Charger sedan that was operated by Tamecha Yvette Buck. (ECF No. 25-2 at 65.) Maximo Daniel Bonilla, Jr., Javarius Tyrie Barfield, and Chase Tobias Fernandez were passengers in Buck's car during the accident. (*Id.*)

Nevada Highway Patrol officers at the scene of the accident observed open alcohol bottles falling out of Muir's vehicle. (*Id.* at 63.) Blood samples taken from him shortly after the accident showed .156g/100ml and .140g/100ml of alcohol, showing that Muir was under the influence of alcohol at the time of the accident. (*Id.*)

After the accident, Muir was charged with two felony counts of driving under the influence ("DUI") resulting in death (NRS 484C.430); one felony count of DUI resulting in substantial bodily harm (NRS 484C.110); one misdemeanor count of driving the wrong way (NRS 484B.220.1); and one misdemeanor count

of an open alcohol container in a vehicle (NRS 484B.1502). (*Id.* at 161–64.) Muir subsequently passed away due to medical conditions unrelated to the accident. (*Id.* at 65.)

**C. Subsequent Claim and Lawsuit**

On October 20, 2021, Buck provided notice of a claim related to the accident to Budget Truck. (ECF No. 25 at 4.) ACE advised the Estate of Gary Lynn Muir ("Muir Estate") and Buck of its coverage position, namely that it had no duty to defend or indemnify Muir under the ACE Excess Policy because he had violated the Rental Agreement when he drove the Rental Vehicle under the influence of alcohol. (*Id.*) Subsequently, Budget Truck repeatedly expressed its willingness to resolve the claims for the statutory minimum limits set out by NRS 485.185(1). (ECF No. 25-2 at 166, 175.)

On July 21, 2023, Buck and Bonilla filed a lawsuit, *Maximo Daniel Bonilla, Jr. et al. v. Gary Lynn Muir, et al.*, Case No. A-23-875043-C, in the Eighth Judicial District Court for Clark County, Nevada. (*Id.* at 39–48.) Budget Truck and ACE were initially named as defendants in the underlying lawsuit, but the parties subsequently stipulated to their dismissal. (*Id.* at 200–10.) In the underlying lawsuit, Buck and Bonilla seek damages from Muir and the Muir Estate for personal injury and wrongful death arising from the accident. (*Id.* at 39–48.)

Plaintiffs later filed the instant litigation, seeking a declaratory judgment that they have no payment or insurance coverage obligations for the accident and underlying lawsuit involving Defendants. (ECF No. 1.) Plaintiffs subsequently moved for summary judgment. (ECF No. 25.) Defendants responded (ECF No. 26), and Plaintiffs replied. (ECF No. 27.)

## II. LEGAL STANDARD

### A. Motion for Summary Judgment

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The Court views the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

In contrast, when the nonmoving party bears the burden of proving a claim or defense, the moving party may satisfy its burden by either (1) producing evidence that negates an essential element of the non-moving party's claim or defense, or (2) showing that the nonmoving party lacks sufficient evidence to establish an essential element on which it will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet this initial burden, the Court does not need to consider the nonmoving party's evidence and summary judgment must be denied. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

## III. DISCUSSION

### A. Insurance Liability Coverage

Plaintiffs first argue that Muir's reckless operation of the Rental vehicle, while under the influence of alcohol, terminated the Rental Agreement and voided all liability protection. (ECF No. 25 at 9–12.) Defendants do not respond to this argument, and instead broadly state common principles of insurance contract interpretation, namely that coverage clauses are to be construed broadly and exclusionary clauses must be interpreted narrowly against the insurer. (ECF No. 26 at 4–5.)

Under Nevada law, the interpretation of an insurance policy is a question of law for a court. *Starr Surplus Lines Ins. Co. v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 535 P.3d 254, 260 (Nev. 2023). "The purpose of contract interpretation is to determine the parties' intent when they entered into the contract." *Century Sur. Co. v. Casino West, Inc.*, 329 P.3d 614, 615 (Nev. 2014). Courts interpret policy language "from the perspective of one not trained in law or in insurance, with the terms of the contract viewed in the plain, ordinary, and popular sense." *Id.* (citation omitted). And courts consider "the policy as a whole to give reasonable and harmonious meaning to the entire policy." *Id.* (citation omitted). An interpretation "should not lead to an absurd or unreasonable result." *Id.* "If a provision in an insurance contract is unambiguous, a court will interpret and enforce it according to the plain and ordinary meaning of its terms." *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 672 (Nev. 2011).

Defendants do not argue that the language of the Rental Agreement is ambiguous, and the Court finds that the plain language is unambiguous. The Budget Terms and Conditions clearly provide that certain prohibited uses of the Rental Vehicle, including using the vehicle "recklessly or for conduct that could be properly charged as a felony or misdemeanor," and/or "[w]hile the driver is under the influence of alcohol," will violate the Rental Agreement. (ECF No. 25-2

at 7.) Violation of the Rental Agreement "automatically terminate[s] [the] rental and is an exclusion to and voids all liability protection . . . including supplemental liability insurance." (*Id.*)

Officers who arrived on the scene shortly after the accident observed alcohol bottles in the Rental Vehicle, and noted that Muir seemed intoxicated. (*Id.* at 63, 65.) Muir was later charged with two felony counts of DUI resulting in death; one felony count of DUI resulting in substantial bodily harm; one misdemeanor count of driving the wrong way; and one misdemeanor count of an open alcohol container in a vehicle. (ECF No. 25-2 at 161–64.) This behavior, both of driving while under the influence of alcohol, and using the vehicle for conduct that could be charged as a felony or misdemeanor, clearly falls within the unambiguous language of the Rental Agreement. Accordingly, the Court finds that Muir's driving terminated the Rental Agreement, and voided all insurance coverage, including the Supplemental Liability Insurance provided by the ACE Excess Policy.[1]

**B. Statutory Minimum Liability Coverage**

Defendants argue that insurance policy exclusions cannot eliminate the statutory minimum liability coverage under NRS 485.185(1). (ECF No. 26 at 5–6.) Plaintiffs acknowledge that they have financial responsibility under NRS 485.185(1), and state that they have repeatedly tried to pay these minimum statutory limits to Defendants. (ECF No. 27 at 2, 6.)

The financial responsibility requirements under Nevada law are "$25,000

---

[1] Supplemental Liability Insurance, under the ACE Excess Policy, was also voided under its own separate DUI exclusion. The ACE Excess Policy provides that insurance coverage does not apply to "[l]oss arising out of an accident which occurs while the Insured is under the influence of alcohol." (ECF No. 25-2 at 24, 31.) Here, Muir's blood alcohol content, the observations of the police officers on the scene, and subsequent charges for DUI arising from the accident, clearly show that Muir was under the influence of alcohol during the accident, therefore losses arising from said accident cannot be recovered under the ACE Excess Policy.

for bodily injury to or death of one person in any one crash" and "$50,000 for bodily injury to or death of two or more persons in any one crash." NRS 485.185(1). Plaintiffs state that renters, pursuant to the Budget Terms and Conditions, are provided with minimum statutory liability protection. (ECF No. 25 at 5 n.14.) Accordingly, the Court finds that Plaintiffs are liable for the statutory minimum limit of $50,000.

## IV. CONCLUSION

IT IS THEREFORE ORDERED THAT Plaintiffs' motion for summary judgment (ECF No. 25) is GRANTED.

The Clerk of Court is directed to ENTER JUDGMENT in favor of the Plaintiffs and against the Defendants on the declaratory relief claim. That judgment must include the declaration that

IT IS HEREBY DECLARED that:

1. Budget Truck Rental, LLC and Budget Rent A Car System, Inc. have no obligation under Budget Rental Agreement No. 1808238421751 to defend or indemnify Muir or the Muir Estate in *Maximo Daniel Bonilla, Jr. et al. v. Gary Lynn Muir, et al.*, Case No. A-23-875043-C;

2. ACE American Insurance Company has no obligation under the ACE Excess Policy to defend or indemnify Muir or the Muir Estate in *Maximo Daniel Bonilla, Jr. et al. v. Gary Lynn Muir, et al.*, Case No. A-23-875043-C;

3. Plaintiffs' payment obligations are limited by NRS 485.185(1) to $50,000.

IT IS FURTHER ORDERED that the parties shall bear their own costs, expenses, and attorney's fees.

The Clerk of the Court is kindly directed to CLOSE THIS CASE.

DATED THIS 20th day of July 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE